UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARTHAGINIAN FINANCIAL CORPORATION,<br>            Plaintiff,<br><br>v.<br><br>SKINNER, INC.,<br>            Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-CV-11802-DPW<br>)<br>)<br>) |

### ANSWER OF DEFENDANT SKINNER, INC.

The defendant, Skinner, Inc. ("Skinner"), hereby responds to the Complaint of the plaintiff, Carthaginian Financial Corporation ("Carthaginian"), pursuant to Fed. R. Civ. P. 8 and 12, based upon the information currently available to it, as follows:

### FIRST DEFENSE

1. Skinner neither admits nor denies the allegations contained in paragraph 1 because it lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

2. Skinner admits the allegations contained in the first sentence of paragraph 2. Skinner admits that it is engaged in the business of entering into consignment agreements with customers for the sale of antiques and fine art at auction, but otherwise denies the allegations in the second sentence of paragraph 2.

3. Skinner neither admits nor denies the allegations contained paragraph 3, but refers the Court to the parties' Consignment Agreement, dated June 25, 2002, which is a document which speaks for itself. The Consignment Agreement lists the various items that were consigned for auction on the Continuation Sheet to the Consignment Agreement. Pursuant to the terms of the

Consignment Agreement, the items listed on the Continuation Sheet were thereafter offered at auction in the Fall of 2002. Skinner otherwise denies the allegations contained in paragraph 3, in particular the valuations assigned to the various items listed in paragraph 3.

### COUNT I

4. Skinner hereby incorporates its responses to the allegations contained in paragraphs 1-3 as if fully set forth herein.

5. Skinner denies the allegations contained in paragraph 5.

6. Skinner denies the allegations contained in paragraph 6.

### COUNT II

7. Skinner hereby incorporates its responses to the allegations contained in paragraphs 1-3 as if fully set forth herein.

8. Skinner denies the allegations contained in paragraph 8.

### COUNT III

9. Skinner hereby incorporates its responses to the allegations contained in paragraphs 1-3 as if fully set forth herein.

10. Skinner denies the allegations contained in paragraph 10, and further states that it offered the return of the painting in its possession, and which had been consigned by the plaintiff for auction, on several occasions, but the plaintiff refused to retrieve it. See, e.g., June 2, 2005 Letter to Counsel for Carthaginian attached as Exhibit 1. Skinner continues to incur costs associated with the storage and insurance of that painting.

11. Skinner neither admits nor denies the allegations contained in paragraph 11 because they are legal conclusions which require no response.

12. Skinner denies the allegations contained in paragraph 12.

## PRAYERS FOR RELIEF

Skinner neither admits nor denies the allegations contained in the Prayers For Relief because they are merely characterizations of the plaintiff's action, and the relief it seeks, and therefore do not require a response. Skinner denies the plaintiff's right to any relief against Skinner.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The plaintiff's claims are barred, in whole or in part, by the terms and conditions of the parties' Consignment Agreement.

## FOURTH DEFENSE

Plaintiff is barred from recovery by virtue of its failure to mitigate its damages, if any.

## FIFTH DEFENSE

Plaintiff's claims are barred by res judicata.

## SIXTH DEFENSE

Plaintiff is estopped from recovery by the terms and conditions of the parties' Consignment Agreement.

WHEREFORE, Skinner respectfully requests that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment in favor of Skinner;

3. Award Skinner its attorneys' fees and costs; and

4. Award Skinner such further and other relief it deems fair and just.

**SKINNER DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

SKINNER, INC.,

By its attorney,

/s/ Daniel W. Halston
Daniel W. Halston (BBO #548692)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Dated: February 9, 2006

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 2/9/06.

# EXHIBIT 1

Case 1:05-cv-11802-DPW    Document 4-2    Filed 02/09/2006    Page 1 of 2



### GRAVEL AND SHEA
Attorneys at Law

76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

*Telephone* 802.658.0220
*Facsimile* 802.658.1456
www.gravelshea.com

Writer's E-Mail:
hhammond@gravelshea.com

Stewart H. McConaughy
Robert B. Hemley
William G. Post, Jr.
Craig Weatherly
John R. Ponsetto
Peter S. Erly
Robert F. O'Neill
Margaret L. Montgomery
Stephen P. Magowan
Heather Briggs
Robert H. Rushford
Mark A. Crow
Andrew D. Manitsky

Clarke A. Gravel (1916-2002)

Charles T. Shea
Stephen R. Crampton
*Of Counsel*

Norman Williams
*Special Counsel*

Michelle N. Farkas
Heather Rider Hammond
Megan J. Shafritz
William A. Mason, IV
Andrew R. Strauss

June 2, 2005

**FAX AND MAIL**

Thomas Niksa, Esq.
92 South Main Street, 1B
St. Albans, VT 05478

    Re:    Carthaginian Financial Corporation v. Skinner, Inc.
            Docket No. 2:05-CV-3

Dear Thomas:

    I am in receipt of your letter dated May 26, 2005. I write to remind you that your client's remaining property, which has been and is currently stored at Skinner, Inc.'s warehouse at its expense, is available for retrieval, as it has been for some time now, by your client. Please have your client contact Janet Santaguida at (978) 779-6241 to arrange a mutually-convenient time for the retrieval.

    Thank you for your attention to this matter.

                        Very truly yours,

                        GRAVEL AND SHEA

                        Heather Rider Hammond

HRH:lmd

cc:    Daniel Halston, Esq.

COPY